IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK THOMAS EDWARDS,

    Plaintiff,

  v.

PATRICIA JONAS,

    Defendant.

No. C 13-04788 WHA

**ORDER RE INJUNCTIVE RELIEF**

    In this social security action, plaintiff has raised a demand for injunctive relief regarding alleged retaliation due to a state court action. While plaintiff does not clearly state facts or grounds for injunctive relief, this order does not need to reach the merits of plaintiff's motion because this Court lacks subject-matter jurisdiction.

    A less stringent examination is afforded pro se pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se plaintiff, however, still bears the burden of establishing jurisdiction. *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir.1995). Joinder of claims under Rule 18 does not extend federal jurisdiction to joined claims. Rule 82. The advisory committee notes accompanying Rule 82 state that "[the Federal Rules of Civil Procedure] grant extensive power of joining claims and counterclaims in one action, but, as this rule states, such grant does not extend federal jurisdiction." Thus, plaintiff must affirmatively show federal subject-matter jurisdiction over all joined claims. Lack of subject matter jurisdiction may be raised at any time by a district court sua sponte. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff alleges a variety of grounds for federal jurisdiction, but all are inadequate. *First*, plaintiff alleges that the "'whistleblowing' on parties in [his state court action]" is protected by 27 U.S.C. 122(a). Section 122(a), however, applies only to interstate transportation of liquor. Nothing in plaintiff's motion involves liquor. *Second*, plaintiff claims that he is protected by the Whistleblower Protection Act of 1989. Yet, plaintiff's own summary of the law concedes that it only protects "federal whistleblowers who work for the government and report agency misconduct" and plaintiff has not alleged that he works for the federal government. *Third*, and most confusing, plaintiff alleges that defendants intentionally conspired to retaliate against him on the basis of disability and is therefore entitled to protection under the Americans with Disabilities Act. He claims a variety of conspiracies for his retaliation claim, but does not provide any compelling documentation or evidence for his claims. Allegations that are "attenuated, unsubstantial, frivolous, [and] devoid of merit" are insufficient for subject-matter jurisdiction. *See, e.g., Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999); *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (same). More importantly, plaintiff seems to be claiming that "agencies with the City of San Francisco" are behind the alleged conspiracies, but they are not defendants in plaintiff's social security appeal. In sum, all grounds for federal jurisdiction alleged in plaintiff's motion are insufficient and unrelated to the denial of his social security benefits claim.

Thus, plaintiff's motion for injunctive relief is **DENIED.**

**IT IS SO ORDERED.**

Dated: December 2, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2