IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK THOMAS EDWARDS,

    Plaintiff,

  v.

PATRICIA JONAS, *et al.*

    Defendants.

No. C 13-04788 WHA

**ORDER GRANTING MOTION TO DISMISS AND VACATING HEARING**

In this social security appeal, defendant moves to dismiss because *pro se* plaintiff Mark Edwards has failed to exhaust his administrative remedies, depriving the district court of subject-matter jurisdiction. Plaintiff has not filed an opposition.[1]

The Social Security Act permits claimants to challenge a denial of social security benefits after a "final decision" is rendered by the Commissioner. 42 U.S.C. 405(g). A decision is final only after plaintiff presents the claim to the Commissioner and exhausts his administrative remedies. *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993). The Social Security regulations provide the following administrative appeals process: (1) an initial determination; (2) reconsideration of the initial determination; (3) a hearing before an administrative law judge; and (4) review of the administrative law judge's decision by an Appeals Council. 20 C.F.R. 404.900(a)(1)-(4). The regulations also state: "[w]hen you have completed the steps of the

---

[1] Plaintiff has filed his complaint against various regional officers of the Social Security Administration (Dkt. No. 1). The proper defendant in a social security appeal, however, is the Commissioner of Social Security. 42 U.S.C. 405(g) and 902. Thus, this order will construe plaintiff's appeal accordingly.

administrative review process listed in paragraphs (a)(1) through (a)(4) of this subsection, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court [within 60 sixty days of receiving notice of the decision]." *Id.* at 404.900(a)(5); 42 U.S.C. 405(g).[2]

Here, plaintiff did not exhaust his administrative remedies because he did not request a hearing before an administrative law judge or review by the Appeals Council (Weigel Decl. at 2–3). Plaintiff has also not established sufficient grounds for judicial waiver of the exhaustion requirement because his action is "bound up" and therefore not "collateral" to his claim for benefits. In addition, plaintiff received a partially-favorable determination at the reconsideration stage (which he pursued *after* filing this action), so he likely does not satisfy the irreparability requirement for judicial waiver as well (Weigel Decl., Exh. A). *Johnson*, 2 F.3d at 921–23. Therefore, plaintiff has failed to exhaust his administrative remedies and this Court has no subject-matter jurisdiction to review plaintiff's social security appeal.

Plaintiff also raises other claims in his social security appeal. His only other federal claim, which is based on the "Whistleblower Protection Ombudsman Act," is meritless. As explained in a previous order, the Whistleblower Protection Act only applies to previous, current, or potential employees of the government. 5 U.S.C. 2302. Plaintiff does not claim to be any of those things. Plaintiff has not met his burden to establish federal jurisdiction over his remaining state-law claims and this order declines to exercise supplemental jurisdiction over the state-law claims. *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir.1995); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 940 (9th Cir. 2012). Defendant's motion to dismiss for lack of subject-matter jurisdiction is **GRANTED**. The motion hearing is **VACATED.**

**IT IS SO ORDERED.**

Dated: April 10, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[2] The regulation itself uses the words, "you" and "your." Determinations, Administrative Review Process, and Reopening of Determinations and Decisions, 20 C.F.R. 404.900 (2013).

2